Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
Admitted *Pro Hac Vice*
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
404.406.4052
jlowther@lowtherwalker.com
www.lowtherwalker.com

Randi L. Johnson
Wash. Bar # 44618
Gravis Law, PLLC
1309 W Dean Ave., Ste. 100
Spokane, WA 99201
509.624.1610
rjohnson@gravislaw.com
www.gravislaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-00135-MKD-1 |
| Plaintiff, | **DEFENDANT THOMAS ANDREW WEBSTER'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | |
| THOMAS ANDREW WEBSTER, | |
| Defendant. | |

Dr. THOMAS ANDREW WEBSTER responds to the Government's sentencing memorandum (ECF No. 23) as follows:

**I.   Government's Recommendation**

The Government recommends a sentence that includes a term of imprisonment of thirty-seven months; a term supervised release of three years; restitution in the amount of $839,566.44; a fine in the amount of $150,000.00; and a special assessment in the amount of $100.00. (Gov't's Sent'g Mem. 5, ECF No. 23.)  Dr. Webster agrees with the Government's recommendation regarding restitution, supervised release, and the special assessment, but submits, for the reasons stated in his sentencing memorandum (ECF No. 24), that a non-custodial

sentence, or a sentence substantially below the sentencing guidelines range, would be "sufficient, but not greater than necessary to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]" (18 U.S.C. § 3553(a)), and that a fine is unwarranted.

## II. Collateral Consequences of Dr. Webster's Conviction and Sentence

Dr. Webster respectfully clarifies that his request for leniency at sentencing is not based in any part on the notion that he has been "'punished enough' though collateral consequences" (Gov't's Sent. Mem. 5, ECF No. 23), nor that he deserves such leniency because he is somehow a superior human to any other criminal defendant who is not a medical doctor or military officer.  His position, rather, is that his entire life's accomplishments related to his education and his military service will now be mooted with the forthcoming, almost-inevitable loss of his ability to practice medicine and his separation from the military.  These consequences, although the direct results of Dr. Webster's knowing and willful criminal conduct, remain additional, collateral punishments that he will suffer, but that other non-similarly situated criminal defendants would not, such as a non-physician owner of a telemedicine company or a telemedicine marketer convicted in a similar health care fraud conspiracy.  Therefore, the Court is authorized to consider these collateral consequences pursuant to the sentencing factors regarding "just punishment" (18 U.S.C. § 3553(a)(2)(A)) and the need "to protect the public from further crimes of the defendant" (18 U.S.C. § 3553(a)(2)(C)).

### III. Fine

The probation officer estimates Dr. Webster's net worth to be $220,719.47. PSR, ¶ 87.  However, Dr. Webster has agreed to forfeiture and restitution judgments in the amount of $839,566.44 (Plea Agreement, ¶¶ 15, 16); the Government has seized the majority of his assets pursuant to the Preliminary Order of Forfeiture (ECF No. 17); and his remaining assets, though they have value, have little or no equity (or even negative equity) (*see* PSR, ¶ 87).  Furthermore, although Dr. Webster is confident that the Government will make a good-faith effort to persuade the Department of Justice's Money Laundering and Asset-Forfeiture Recovery Section ("MLARS") to apply the value of the forfeited assets toward the restitution judgment, the Government, admittedly, can make no assurance to this Court (Gov't's Sent'g Mem. 15, ECF No. 23) (as it could not make any assurances to Dr. Webster during plea negotiations in this case) that MLARS will agree.

Dr. Webster respectfully submits, based on his current inability to pay a fine, his dismal prospects for future earning capacity as a result of a felony conviction, and a restitution judgment for which he may remain responsible in addition the the forfeiture judgment, a fine is not warranted. *See* U.S.S.G. § 5E1.2(d)(2), (3).

Date:    July 31, 2024

Respectfully submitted,

***s/Joshua Sabert Lowther***
Joshua Sabert Lowther, Esq.

//

//

//

**Certificate of Service**

I hereby certify that on July 31, 2024, I electronically filed DEFENDANT THOMAS ANDREW WEBSTER'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM with the Clerk of the United States District Court for the Eastern District of Washington by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:     July 31, 2024

                                         Respectfully submitted,

                                         ***s/Joshua Sabert Lowther***
                                         Joshua Sabert Lowther, Esq.